UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMIE KNOPF,<br>　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>　　　Defendant. | No. 1:23-cv-888<br><br>Honorable Paul L. Maloney |

### ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the court on Plaintiff Jamie Knopf's objection to the August 22, 2024 report and recommendation. (ECF No. 23). Judge Green issued a report and recommendation, which would affirm the Commissioner's decision. (ECF No. 22) The government filed a response to Plaintiff's objection. (ECF No. 24). The court will adopt the report and recommendation over Plaintiff's objection.

### I.

This is an action brought under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits this court's review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it must stand.

1

## II.

After service of a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

## III.

Plaintiff raises three objections. None are meritorious. The court will adopt the report and recommendation.

Plaintiff argues that the R&R erred when it determined that the ALJ properly assessed Plaintiff's residual functional capacity ("RFC"). The R&R concluded that the ALJ properly considered Plaintiff's daily living activities. Although Plaintiff disagrees with that conclusion, it is not proper for the courts to reweigh the evidence considered by the ALJ. The court may

2

not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). Plaintiff seeks relief through a foreclosed avenue. Further, it was not erroneous for the ALJ to consider Plaintiff's daily living activities when calculating Plaintiff's RFC. *See Hoffman v. Commissioner of Social Security*, 2021 WL 4145626 at *6 (W.D. Mich., Sept. 13, 2021) (explaining that "[t]he ALJ properly considered plaintiff's daily activities as one factor in determining the residual functional capacity"). Accordingly, the first objection is rejected.

Second, Plaintiff argues that the ALJ did not properly consider her obesity in calculating Plaintiff's RFC. This objection runs into the same problem as Plaintiff's first objection: the court cannot substitute its factual judgment for that of the ALJ. The court also sees no error in the R&R. As explained and cited in the R&R, it "is a mischaracterization to suggest that Social Security Ruling 02-01p offers any particular procedural mode of analysis for obese disability claimants." *Bledsoe v. Barnhart*, 165 Fed. Appx. 408, 412 (6th Cir., Jan. 31, 2006); (ECF No. 22 at PageID.3178). The record reflects that the ALJ considered Plaintiff's obesity. Plaintiff's second objection is rejected.

Third, Plaintiff objects to the R&R's finding on whether Plaintiff's impairments, specifically her sporadic blood pressure, were properly assessed in the RFC. But as explained in the R&R, the ALJ's failure to consider an impairment as severe is harmless so long as the ALJ considered the entire medical record in making his decision. *See Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987); *Kirkland v. Commissioner of Social Security*, 528 Fed. Appx. 425, 427 (6th Cir., May 22, 2013) ("so long as the ALJ considers all the individual's impairments, the failure to find additional severe impairments

. . . does not constitute reversible error"). The record reflects that the ALJ considered Plaintiff's blood pressure. This argument is also rejected.

## IV.

The court has reviewed this matter. The court will adopt the report and recommendation and affirm the findings of the administrative law judge. This action is dismissed.

**IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 22) is **ADOPTED** by the court.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the report and recommendation (ECF No. 23) is **DENIED**.

**IT IS SO ORDERED.**

Date:  March 28, 2025                                   /s/ Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    United States District Judge